IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REAL GOOD TECHNOLOGIES, LLC, | CASE NO.   1:15CV01079 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| vs. | **DEFENDANT VICTORY SOLUTIONS LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |
| VICTORY SOLUTIONS, LLC, | |
| Defendant. | |

Defendant Victory Solutions, LLC ("Victory") by and through undersigned counsel, for its Answer and Affirmative defenses to the Plaintiff's Complaint, states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Victory denies the allegations in count 1 of the complaint for want of knowledge sufficient to form a belief as to the truth of the matters asserted.

2. Victory admits the allegations contained in paragraph 2 of the complaint.

3. The allegations contained in paragraph 3 of the complaint do not require an answer since they are conclusions of law. Further answering, Victory asserts that this matter must be sent to arbitration by virtue of the parties Agreement that arbitration will be the exclusive dispute resolution method.

4. The allegations contained in paragraph 4 of the complaint do not require an answer since they are conclusions of law. Further answering, the parties have agreed to arbitration of these claims and the venue for such arbitration is at AAA in Cleveland, Ohio.

## BACKGROUND AND FACTS

5. Victory incorporates into this paragraph its responses and answers to paragraphs 1 through 4 as if rewritten herein.

6. Victory admits that it executed a Promissory Note and that a true and accurate copy of the note is attached to Complaint. Further answering, the stated Note was part of an Asset Purchase and Sale Agreement between the parties and subject to the provisions of the Asset Purchase and Sale Agreement attached to the Plaintiff's complaint as Exhibit B.

7. Victory admits the allegations set forth in paragraph 7 of the Complaint.

8. Victory admits that the Promissory Note was executed as part of the Asset Purchase and Sale Agreement with plaintiff , Victory does not admit that it was part of the consideration ,that being a legal conclusion.

9. Victory denies the allegations set forth in paragraph 9 of the Complaint.

10. Victory admits that the Asset Purchase and Sale Agreement is attached to the complaint as Exhibit B and that such Agreement sets forth the terms and conditions of the purchase at issue in this lawsuit.

11. Victory admits the allegations contained in paragraph 11 of the Complaint.

12. Victory admits the allegations contained in paragraph 12 of the Complaint.

13. Victory denies the allegations contained in paragraph 13 of the Complaint.

## COUNT I- (Default on Note)

14. Victory incorporates into this paragraph its responses and answers to paragraphs 1 through 13 as if rewritten herein.

15. In response to paragraph 15 of the Complaint, Victory states that the Asset Purchase and Sale Agreement speaks for itself. Further answering, the legal interpretation of the Agreements at issue are legal conclusions not requiring an answer. Finally, an interpretation and dispute over the agreement, including the referenced paragraphs, are subject to the province of an arbitrator pursuant to the parties Agreement to arbitrate the dispute.

16. Victory denies the allegations set forth in paragraph 16 of the Complaint.

17. Victory denies the allegations set forth in paragraph 17 of the complaint and asserts that it has a right to a set off.

18. Victory admits that it did not pay the first installment to the plaintiff alleged in paragraph 18, it denies that such failure was in violation of the Promissory Note inasmuch as this is a legal conclusion not requiring an answer. Further, such determination is subject to the province of an arbitrator pursuant to the parties Agreement to arbitrate this dispute.

19. Victory admits that it has failed to cure the non-payment referenced in paragraph 19 of the Complaint.

20. Victory denies the allegations contained in paragraph 20 of the Complaint, however, it admits that it did not follow the requirements set out in paragraph 9 of the Asset Purchase and Sale Agreement. Nevertheless, such notice was sufficient to provide notice to the Plaintiff.

21. In response to paragraph 21 of the Complaint, Victory states that the Asset Purchase and Sale Agreement speaks for itself. Further answering, the legal interpretation of the Agreements at issue are legal conclusions not requiring an

answer. Finally, an interpretation and dispute over the agreement, including the referenced paragraphs, are subject to the province of an arbitrator pursuant to the parties Agreement to arbitrate the dispute.

22. Victory denies the allegations set forth in paragraph 22 of the Complaint.

23. Victory denies the allegations set forth in paragraph 23 of the complaint and asserts that it has a right to a set off.

24. Victory admits that it did not pay the second installment to the plaintiff alleged in paragraph 24, it denies that such failure was in violation of the Promissory Note inasmuch as this is a legal conclusion not requiring an answer. Further, such determination is subject to the province of an arbitrator pursuant to the parties Agreement to arbitrate this dispute.

25. Victory admits that it has failed to cure the non-payment referenced in paragraph 25 of the Complaint.

26. Victory denies the allegations set forth in paragraph 26 of the Complaint, however, it admits that it did not follow the requirements set out in paragraph 9 of the Asset Purchase and Sale Agreement. Nevertheless, such notice was sufficient to provide notice to the Plaintiff.

27. Victory denies that it received a default Notice as set forth in paragraph 27 of the Complaint.

28. Victory denies the allegations in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Victory states that the Asset Purchase and Sale Agreement and Note speak for themselves. Further answering, the legal interpretation of the Agreements at issue are legal conclusions not

requiring an answer. Finally, an interpretation and dispute over the agreements, including the referenced paragraphs, are subject to the province of an arbitrator pursuant to the parties Agreement to arbitrate the dispute.

30. Victory denies the allegations set forth in paragraph 30 except, Victory states that the lawsuit filed represents the allegations and relief sought by the plaintiff's.

31. In response to paragraph 31, Victory states that the Asset Purchase and Sale Agreement speak for themselves. Further answering, Victory denies the remainder of the allegations inasmuch as this is a legal conclusion not requiring an answer. Further, such determination is subject to the province of an arbitrator pursuant to the parties Agreement to arbitrate this dispute.

32. Victory denies the allegations set forth in paragraph 32 of the complaint and further states that such determination is subject to the province of an arbitrator pursuant to the parties Agreement to arbitrate this dispute.

### COUNT II (Breach of Contract –Earnout)

33. Victory incorporates into this paragraph its responses and answers to paragraphs 1 through 32 as if rewritten herein.

34. Victory states that the Asset Purchase and Sale Agreement speaks for itself in response to paragraph 34 and further that the said Agreement is subject to arbitration by virtue of the parties agreement and thus the decision as to the Plaintiff's entitlement to earn outs is subject to the province of arbitrator as the parties have agreed.

35. Victory states that the Asset Purchase and Sale Agreement speaks for itself in response to paragraph 35 and further that the said Agreement is subject to

arbitration by virtue of the parties agreement and thus the decision as to the Plaintiff's entitlement to earn outs is subject to the province of arbitrator as the parties have agreed.

36. In response to paragraph 36 of the Complaint, Victory states that the Asset Purchase Agreement speaks for itself and further denies the remaining allegations set forth for want of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

37. Victory denies that it has failed to provide Plaintiff with the earn out information as alleged in the allegations of paragraph 37, however, plaintiff has been advised that such a statement would result in no earn out payment being paid to the Plaintiff.

38. Victory denies the allegations in paragraph 38 of the complaint and further states that no earn out payment is owed.

39. In response to paragraph 39 of the Complaint, Victory states that the Asset Purchase and Sale Agreement speak for themselves and that the said Agreement and its provisions are subject to arbitration.

40. Victory denies the allegations in paragraph 40 for want of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

41. Victory denies the allegations set forth in paragraph 41 of the complaint.

### COUNT III (Increased Guaranteed Purchase Price)

42. Victory incorporates into this paragraph its responses and answers to paragraphs 1 through 41 as if rewritten herein.

43. In response to paragraph 43 of the Complaint, Victory admits that it has not paid Plaintiff its initial payment, however it is not required to respond to the Plaintiff's legal conclusions and further notes that the Asset Sale and Purchase Agreement, including the paragraph cited, and any dispute regarding the same is subject to arbitration as agreed to by the parties.

44. In response to paragraph 44 of the complaint, Victory denies the allegations and further states that any dispute in the Asset Purchase and Sale Agreement is subject to an agreement to arbitrate.

## COUNT IV (Unjust Enrichment)

45. Victory incorporates into this paragraph its responses and answers to paragraphs 1 through 44 as if rewritten herein.

46. Victory denies the allegations set forth in paragraph 46 of the Complaint.

47. Victory denies the allegations set forth in paragraph 47 of the Complaint.

48. To the extent that paragraph 48 makes an allegation, Victory denies the allegation(s) so stated.

## COUNT V (Promissory Estoppel)

49. Victory incorporates into this paragraph its responses and answers to paragraphs 1 through 48 as if rewritten herein.

50. In response to paragraph 50 of the Complaint, Victory states that its Agreement with the Plaintiff is set forth in the Asset Purchase and Sale Agreement thus it denies the allegations as stated.

51. In response to paragraph 51 of the Complaint, Victory denies the allegations for want of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

52. Victory denies the allegations set forth in paragraph 52 of the Complaint.

53. In response to paragraph 53 of the Complaint, Victory states that its Agreement with the Plaintiff is set forth in the Asset Purchase and Sale Agreement thus it denies the allegations as stated.

54. Victory denies the allegations as stated in paragraph 54 of the compliant.

55. Victory denies the allegations as stated in paragraph 55 of the compliant.

56. To the extent that paragraph 56 makes an allegation, Victory denies the allegation(s) so stated.

Respectfully submitted,

*/s/ Robert B. Casarona*
Robert B. Casarona (0036715)
cas@casaronalaw.com
Casarona Legal Services, LLC
10 Center Street
Cleveland, OH  44022
Telephone: 440 571-7773

*Attorney for Victory Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2015, the foregoing document was electronically filed with the Court. Copies were served upon all counsel of record by and through the operation of the Court's electronic filing system.

/s/ *Robert B. Casarona*
Robert B. Casarona
