UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
REAL GOOD TECHNOLOGIES, LLC, :
: CASE NO. 1:15-cv-01079
Plaintiff, :
:
v. : OPINION
: [Resolving Doc. 10]
VICTORY SOLUTIONS, LLC, :
:
Defendant. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Real Good Technologies, LLC ("Real Good") sues Defendant Victory Solutions, LLC "(Victory Solutions") for breaching an asset purchase agreement and for defaulting on a promissory note.[1] Victory Solutions moves to stay the case and compel arbitration.[2] For the following reasons, the Court **GRANTS** Defendant Victory Solutions's motion.

**I. Background**

On May 2, 2014, Real Good agreed to sell Victory Solutions all of its "software, intellectual property, customer contracts, and other related assets" for $1,000,000.00.[3] The sale agreement specified that "[i]n the event of any dispute between the parties under this Agreement, the matter shall be settled by binding arbitration."[4]

The same day, the parties executed a promissory note laying out a payment schedule for the sale. In that promissory note, the parties agreed that the terms of the asset purchase agreement

---

[1] Doc. 1.
[2] Doc. 10. Real Good opposes. Doc. 12.
[3] Doc. 1-1 at 7.
[4] *Id*. at 23.

Case No. 1:15-cv-01079
Gwin, J.

controlled the note, that the note did not modify the asset purchase agreement; and that any conflict between the terms of the note and the asset purchase agreement would be resolved in favor of the purchase agreement.[5]

Plaintiff Real Good now alleges that Defendant Victory Solutions has defaulted on the note. Victory Solutions responds that Plaintiff Real Good broke the agreement because the purchased software that was not operable, in breach of Real Good's express warranties. Victory Solutions says it has spend significant sums de-bugging the software as a result.

## II. Standards

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[6] If a court determines that the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete.[7]

"[A] district court must make a number of threshold determinations before compelling arbitration." These include "determin[ing] whether the parties agreed to arbitrate" and "determin[ing] the scope of that agreement."[8] Any doubts regarding arbitrability should be resolved in favor of arbitration.[9]

## III. Discussion

---

[5] Doc. 1-1. ("The terms and provisions of this Note are subject, in all respects, to the terms, conditions and provisions of the asset purchase agreement. Nothing contained in this Note shall be deemed to modify, amend or supersede any of the terms, conditions, or provisions of the Asset Purchase Agreement. In the event of a conflict between the terms and provisions of this Note and Asset Purchase Agreement, the terms of the Asset Purchase Agreement shall govern and control.")

[6] 9 U.S.C. § 2.
[7] *Id*. at § 3.
[8] *Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003).
[9] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24–25 (1983).

Case No. 1:15-cv-01079
Gwin, J.

Plaintiff Real Good opposes arbitration, and maintains that "[t]he parties in this case did not intend or agree to arbitrate the sums due and owning under the terms of the promissory note."[4] In support, Real Good points to a section of the promissory note that reads "[t]he Holder may pursue all remedies now or hereafter existing at law or in equity to collect all amounts due" under the note.

Real Good's argument contradicts the clear language of both the asset purchase agreement and the promissory note. The asset purchase agreement controls the note, and any conflict between the note and the purchase agreement must be resolved in favor of the purchase agreement. The fact that the promissory note does not contain an arbitration provision is therefore irrelevant. The note is subsidiary to the purchase agreement, and was executed as consideration for the agreement itself.

Real Good's position is that a breach of the agreement itself must be arbitrated, but failure to make payments as required under the agreement should not be subject to arbitration. But these events cannot be logically separated, and adopting this interpretation would render the purchase agreement's arbitration provision meaningless.

Real Good also references language in the asset purchase agreement that for default on the note, "Seller may pursue any and all other remedies at law or equity, anything else in this Agreement to the contrary notwithstanding." Again, Real Good's interpretation of this language would render the arbitration provision meaningless. The Court resolves ambiguities in favor of arbitration, and finds that a default on the note cannot be separated from underlying disputes about the contract itself.

The parties' briefing itself illustrates this principle. Plaintiff Real Good says that Defendant Victory Solutions has not made the promised payments under the note. But Victory Solutions responds that the payments are not due because Real Good breached a warranty under the agreement.

---

[4] Doc. 12 at 3.

Case No.  1:15-cv-01079
Gwin, J.

The Court cannot determine that Victory Solutions is liable on the note without determining whether Real Good actually upheld its part of the bargain. Therefore, the best way to resolve the entire dispute is arbitration, as the parties originally contemplated.

Finally, Real Good pleads unjust enrichment and promissory estoppel, equitable causes of action that Real Good maintains should not be arbitrated. But the arbitration provision covers "any dispute" between the parties, not just breach of contract or default on the note. Real Good cannot plead around the arbitration provision by invoking equitable, rather than legal principles. The same underlying facts exist for all of Real Good's causes of action, meaning that arbitration is the appropriate forum to resolve them once and for all, rather than in a piecemeal fashion.

Therefore, the Court's **GRANTS** Victory Solutions's motion to stay the case and compel arbitration. The case is **STAYED** until the arbitration is complete.

IT IS SO ORDERED.


Dated: August 12, 2015                          s/      *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE